RUTH E. MORRISON *vs*. HENRY H. PORTER and another.

July 13, 1886.

Evidence—Handwriting—Comparison of Hands.—Upon the trial of an issue as to the genuineness of a certain handwriting, other instruments admitted to be genuine, but not otherwise relevant, may be received in evidence for the purpose of comparison of hands.

Same—Proof of Deed.—Evidence considered sufficient to justify a finding of the authenticity of a deed.

The plaintiff brought this action in the district court for Hennepin county to determine the defendants' adverse claims to certain land, and appeals from an order by *Lochren*, J., refusing a new trial.

*P.- M. Babcock,* for appellant, upon the admission in evidence of Exhibit Y to prove the handwriting of plaintiff, cited *Hanley* v. *Gandy,* 28 Texas, 211; *Kernin* v. *Hill,* 37 Ill. 209; *West* v. *State,* 22 N. J. Law, 212, 241; *Philadelphia, etc., R. Co.* v. *Hickman,* 28 Pa. St. 318, 328; *McAllister* v. *McAllister,* 7 B. Mon. (Ky.) 269; *State* v. *Givens,* 5 Ala. 747, 755; *Rowt* v. *Kile,* 1 Leigh, (Va.) 216; *Clark* v. *Rhodes,* 2 Heisk. (Tenn.) 206; *Moore* v. *U. S.,* 91 U. S. 270; *Tome* v. *Parkersburg Branch R. Co.,* 39 Md. 36, 92; *Van Sickle* v. *People,* 29 Mich. 61; *Jackson* v. *Phillips,* 9 Cowen, 94, 112; *Pierce* v. *Northey,* 14 Wis. 9.

*John D. Howe* and *S. L. Perrin,* for respondents.

DICKINSON, J. The defendant the railroad corporation has title to the land in controversy through a chain of conveyances running back to the plaintiff, if in fact the plaintiff executed a certain deed of conveyance in the year 1860, the execution of which the plaintiff disputes. The court found that it had been executed by her. The first point to be considered arises upon the admission in evidence of an instrument (Exhibit Y) containing a signature of the plaintiff admitted to be genuine, to enable a comparison to be made between that signature and the disputed signature in issue, Exhibit Y being not otherwise relevant to the issue. Expert witnesses were allowed to give their opinions, based upon such comparison. Upon the question thus presented, as to whether a writing, admitted to be in the hand of the person whose signature is in issue, may be received in evidence for

the purpose of comparison, the authorities are so at variance that we are at liberty to adopt the rule of evidence which seems to be most consistent with reason, and conducive to the best results. At common law, and generally in the United States, it has been the rule that where other writings, admitted to be genuine, are already in evidence for other purposes in the case, comparison may be made between such writings and the instrument in question. If such a comparison is conducive to the ends of truth, and is allowable, there would seem to be but little reason for refusing to allow a comparison with other writings admitted to be genuine, although not in evidence for other purposes.

The objections which have been urged to receiving other instruments, for the purpose of comparison, have been the multiplying of collateral issues; the danger of fraud or unfairness in selecting instruments for that purpose, from the fact that handwriting is not always the same, and is affected by age, and by the various circumstances which may attend the writing; and the surprise to which a party against whom such evidence is produced may be subjected. When the writings presented are admitted to be genuine, so that collateral issues are not likely to arise, nor the adverse party to be surprised by evidence which he is unable to meet, these objections seem to us to be insufficient as reasons for excluding the evidence. If such evidence has apparent and direct probative force, it should not be excluded unless for substantial reasons. In general, and from necessity, the authenticity of handwriting must be subject to proof by comparison of some sort, or by testimony which is based upon comparison, between the writing in question and that which is in some manner recognized or shown to be genuine. This is everywhere allowed, through the opinions of witnesses who have acquired a knowledge, more or less complete, of the handwriting of a person, as by having seen him write, or from acquaintance with papers authenticated as genuine. In such cases the conception of the handwriting retained in the mind of the witness becomes a standard for comparison, by reference to which his opinion is formed, and given in evidence. It would seem that a standard generally not less satisfactory, and very often much more satisfactory, is afforded by the op-

portunity for examining, side by side, the writing in dispute and other writings of unquestioned authenticity; and this, we think, is in accordance with the common judgment and experience of men.

The evils that may be suggested as likely to arise from the selection of particular writings for the purposes of comparison, may be left, as all unfair or misleading evidence must be, to be corrected by other evidence, and by the intelligent judgment of the court or jury. In our opinion, such evidence is conducive to the intelligent ascertaining of the truth, and the receiving of it in this case was not error. We cite authorities sustaining this view, some of which go further in this direction than does our present decision. *Tyler* v. *Todd*, 36 Conn. 218; *Moody* v. *Rowell*, 17 Pick. 490, (28 Am. Dec. 317;) *State* v. *Hastings*, 53 N. H. 452; *Adams* v. *Field*, 21 Vt. 256; *State* v. *Ward*, 39 Vt. 225; *Farmers' Bank* v. *Whitehill*, 10 Serg. & R. 110; *Travis* v. *Brown*, 43 Pa. St. 9; *Chance* v. *Indianapolis & W. G. R. Co.*, 32 Ind. 472; *Macomber* v. *Scott*, 10 Kan. 335; *Wilson* v. *Beauchamp*, 50 Miss. 24.

The conclusion of the court that the plaintiff executed the deed in question is very satisfactorily sustained by the evidence. It is opposed by the bare denial of the plaintiff. The deed purported to have been executed by herself and by her husband, and to have been acknowledged in the manner prescribed by law, and has been on record more than 20 years. The fact of its execution is sustained, not merely by the statutory authentication, but by the evidence of the subscribing witnesses, although they do not now recollect the fact itself. Evidence of a circumstantial nature, relating to the signature itself, went also to show that the plaintiff's name was not a forged writing. Clear and convincing proof is required to oppose the statutory authentication by which the proof of deeds is established. *Smith* v. *Allis*, 52 Wis. 337, (9 N. W. Rep. 155;) *Insurance Co.* v. *Nelson*, 103 U. S. 544; *Johnson* v. *Van Velsor*, 43 Mich. 208, (5 N. W. Rep. 265.)

The deed of the plaintiff, being sustained, determines the case, and it is unnecessary to consider the respondents' further claim of title by prescription.

Order affirmed.