MARTIN O. HALL *vs.* EDWIN A. LAMB *et al.* WALTER HURLBURT *vs.* SAME. ADELMER SNYDER *et al. vs.* SAME. HIGHLAND IMPROVEMENT CO. *vs.* SAME.

Argued April 21, 1892. Decided May 28, 1892.

**Deed Held Executed by the Grantors Named in it.**

Evidence *held* to justify a finding of the genuineness of a deed of conveyance, as against a claim that it was not executed by the grantors named in it, but by others, who personated them.

Appeals by defendants Edwin A. Lamb, John H. Hill, Michael K. Morrison and Henry A. Johnson, from judgments of the District Court of St. Louis county, *Stearns,* J., entered May 21, 1891.

There were four actions, one by each plaintiff. The complaint in each case alleged that the plaintiff therein owned a certain part of the southwest quarter of section twenty-one, T. 50, R. 14, in St. Louis county, and that defendants claimed an adverse estate and interest in it. The defendants answered claiming title. The issues were tried February 9, 1891, before the Court without a jury. Findings for the plaintiffs were filed February 18, 1891, on which judgments were entered, and the defendants on November 12, 1891, appealed to this Court. The discussion here was upon questions of fact.

*John C. Hollembaek* and *Chas. E. Flandrau,* for appellants in each case.

*White, Reynolds & Schmidt,* for respondent in each case.

DICKINSON, J. These cases are all alike, were argued together, and what we shall say will be applicable alike to all.

On the 10th day of June, 1864, a half-breed Chippewa Indian named Francois Langie owned the land which is the subject of these actions, having inherited the title from his daughter Sophie. On that day a deed of conveyance of this land was executed to one Mc-Cutcheon, through whom the plaintiffs claim title. It was recorded in August of that year. Francois Langie and Mary, his wife, were named as grantors in the deed, and their names were subscribed thereto, although not written by them; a cross attached to the names subscribed indicating the inability of the persons themselves to write their names. It was witnessed by Joseph A. Gilfillan and Jos. H. Langevin, and a proper certificate of acknowledgment, under the hand and official seal of the said Gilfillan, as a notary public, authenticated the execution. It is conceded that the deed was executed at that time, but it is alleged on the part of the defendants that in fact the persons who executed the deed were not Francois Langie and Mary, his wife, but were one *Frederick* Langie and Mary, his wife. This is the question of fact upon which the decision of the cases turns. The court found that the deed was what it purports to be,—the deed of Francois Langie and his wife. A review of the evidence leaves in the mind no doubt that the finding of the court was justified.

This deed, authenticated in the manner prescribed by law, had been on record more than twenty-five years when its genuineness was called in question in these actions; and only very clear and convincing proof should prevail against it,—*Morrison* v. *Porter*, 35 Minn. 425, 427, (29 N. W. Rep. 54,)—especially after so long a lapse of time, and after the death of the persons whose deed it purports to be. The admitted circumstances of this case, and the peculiar testimony presented, do not seem to us to constitute satisfactory proof that the deed was not genuine. We are wholly satisfied that the evidence, at least, did not so preponderate in favor of the defendants that the decision of the trial court upon the issue of fact should be disturbed. Much depended upon the credibility of witnesses who testified directly upon the matter in issue, and it is not

apparent that the court did not rightly estimate the weight which should attach to their testimony.

The admitted circumstances render somewhat improbable the claim on which the defendants rest. If the deed was not executed by the persons named in it, but by Frederick Langie and his wife, it was a deliberate forgery on their part, in which the subscribing witness Langevin also participated; and this was for no other purpose than to secure the price, not exceeding $12, which was paid as the consideration for the conveyance. The notary, Gilfillan, as is conceded, acted in good faith, supposing that the persons who came before him were the persons named in the deed. He had gone to Ft. Abercrombie, in Dakota, for the purpose of procuring them to execute such a deed. He did not know them personally prior to this time. Upon inquiry of Langevin, who, as is clearly shown, was well acquainted with both Francois Langie and Frederick Langie, he was informed that Francois was in the vicinity of the fort. At the request of Gilfillan, Langevin went off to bring Francois to him, and returned with persons whom he (Langevin) introduced to Gilfillan as Francois and his wife; and they executed and acknowledged the deed. The improbability that these three persons should conspire to deceive the notary, and to forge a deed, for so insignificant a consideration, casts doubt upon the truthfulness of the story of the witnesses, whose testimony in many particulars is questionable.

But again, in 1870, as is conceded, Francois and his wife executed a formal instrument to McCutcheon, referring particularly and at length to the deed of June 10, 1864, conveying these lands, as a deed executed by them to McCutcheon. In executing this instrument, they had the benefit of the intelligence and advice of a Catholic priest.

The strongest evidence for the defendants is that of certain witnesses, tending to show that, on the date of the execution of the deed, Francois was scouting or hunting in a locality many miles distant from Ft. Abercrombie. But the weight of this evidence depends upon the accuracy of the recollection of witnesses as to the precise time of the happening of certain events, which occurred

more than a quarter of a century ago, and in part upon a mere assumption as to the period of time consumed by a courier in making a journey of several days' duration. There was obviously room for mistake in this matter.

The judgments appealed from in the several cases are affirmed.