BOSTON NORTHWEST REAL-ESTATE COMPANY v. GEORGE BENZ.[1]

October 22, 1896.

Nos. 10,004—(16).

Directing Verdict—Sufficiency of Evidence.

Evidence considered, and *held* sufficient to justify the trial court in directing a verdict for the plaintiff.

Appeal by defendant from orders of the district court for Ramsey county, Willis, J., denying motions for judgment notwithstanding the verdict and for a new trial. Affirmed.

*Munn, Boyesen & Thygeson*, for appellant.
*Stevens, O'Brien, Cole & Albrecht*, for respondent.

BUCK, J. The only material question which we deem it necessary to consider is whether the defendant, Benz, agreed to protect the premises from mechanics' liens, and whether this question should have been left to the jury.

It appears that Benz held a lease from the respondent, the Boston Northwest Real-Estate Company, dated March 29, A. D. 1889, for the period of five years commencing May 1, 1889, of certain premises known as the "Bodega" and the "Bodega Chop House" and the building in the rear thereof, all located on lot 3, in block 12, in the city of St. Paul. Some time in the early part of the year 1892 negotiations took place between the parties relative to certain alterations

[1] Reported in 68 N. W. 602.

which appellant wished to have made in the premises, and which the respondent refused to make, but which it is claimed appellant, Benz, agreed to make, or have made, without cost to respondent. It is claimed that the lessor consented that these alterations might be made only upon the condition that Benz would protect the property from any mechanics' lien which would accrue by reason of the work and materials furnished in making the alterations. It is also claimed by respondent that Benz agreed to give a bond to the lessor to this effect, and that with this understanding the alterations were made by sublessees of Benz with his knowledge, and that the bond was not executed and delivered to the respondent as agreed upon.

It does appear that a bond was drawn up and executed, which, by its terms, provided that both parties to this action should be saved harmless from any mechanics' lien by reason of the making of such alterations upon the premises, although the bond was made payable to George Benz alone, and wherein it is provided that it should "save harmless the said George Benz from all claims of whatever description which may arise from, in, or about said work, alterations, and repairs." This bond was dated March 14, 1892. The respondent had no knowledge of this bond until after the filing of the mechanics' liens, and the defendant, Benz, never delivered or offered to deliver it to the respondent, nor did he ever offer to assign or give the respondent the benefit of it.

On the morning of March 3, 1892, defendant and plaintiff's agent, Townsend, had a conversation upon the same subject, and later in the day Townsend wrote to defendant, referring to the conversation in the morning, and stated that the lessor was willing that the defendant should make the alterations in the premises, such as suggested, but that it was to be understood that the entire cost of all these changes was to be borne by the defendant, and no allowance made by the lessor at the expiration of the lease for such alterations. In the same written communication the agent states that: "In order to protect us from liens on this work, will you kindly furnish us a bond in a sufficient sum to cover the cost of the proposed changes. This is in accordance with your offer this morning. Will you please also notify us a day or two before work is commenced, so that we may have the proper permission indorsed on our insurance policies." This communication was received by the defendant, and subsequent-

ly the alterations were made, and, the expense thereof not being paid in full, this action was brought for the unpaid balance due.

When the defendant rested, and the testimony was closed, he moved the court to direct a verdict in his favor, which was denied, and the court, upon motion, directed a verdict in favor of the plaintiff for the sum of $912.30, which was done accordingly. In the brief of defendant's counsel it is stated: "We contend that the evidence was left in such condition that the court should have directed a verdict in our favor, and that this court at this time should enter a judgment in favor of the appellant, * * * under and pursuant to chapter 320 of the Laws of 1895; and, if the court declines so to do, then we ask that the order appealed from be reversed."

It is in the light of the facts thus furnished by the record that we are called upon to decide whether the further evidence shows that there was conclusive evidence of the contract sued upon. The alterations were in fact made by sublessees of the defendant, although they were not employed by the plaintiff to do so, but by the defendant, whereby the mechanics' liens therefor were filed upon the plaintiff's premises, which it had to pay, and to the extent of these liens it was damaged. The witness Townsend testifies that defendant's son, Benz, Jr., agreed to make the changes and alterations at his own expense, and offered to give a bond to the plaintiff to protect it against liens. Considerable other evidence bearing upon this point was given by this witness.

The witness Benz, Jr., who was duly authorized to act for the defendant, and with whom this conversation is alleged to have taken place, testified on direct examination that he did not have any conversation with the witness Townsend in regard to the improvements made in the Bodega; but this testimony is so badly shaken on the cross-examination that we regard it of but little value. He admits receiving the written communication of March 3, 1892, from Townsend, in which it was stated that it was to be understood that the entire cost of all the changes were to be borne by the defendant, and no allowance made by the lessor, and that this written communication referred to the same conversation in the morning of the same day, as testified to by Townsend; and that the bond matter also came up then, and that the request in the morning was substantially the same request as that made in the letter; that he re-

quested of Townsend that he give him the letter, and that defendant got the bond to which we have referred. He also testified that it was quite likely that he got Mr. Townsend to write the letter or communication embodying the proposition.

We therefore are of the opinion that the evidence quite conclusively shows that defendant agreed to make or cause the alterations to be made at his own expense, and that he would cause a bond to be executed to plaintiff to save it harmless from any mechanics' liens accruing by reason of the alterations being made upon the premises. If he had made the alterations himself, he would be liable for permitting the existence of mechanics' liens whereby plaintiff was damaged; and, if he failed to furnish the bond, whereby plaintiff was thus damaged, he is equally liable. That defendant was the moving party in having the alterations made for his own benefit is quite conclusive, and it is equally conclusive that he agreed and led plaintiff to understand that it should not make the alterations, or be liable for them, whoever made them, and should be saved harmless from all expense or damages when made. The defendant's liability is thus a direct one.

The order denying the motion for judgment notwithstanding the verdict and for a new trial is affirmed.