GEORGE GOULET v. JOSEPH DUBREUILLE and Another.[1]

June 28, 1901.

Nos. 12,617—(168).

Execution of Mortgage—Foreclosure.

In an action brought to foreclose a mortgage upon real estate, purporting to have been executed by the defendants, husband and wife, the court below found as a fact that the wife did not sign or acknowledge such instrument. Held, that this finding is palpably and manifestly against the weight of the evidence, and that, upon an admission in the answer and the evidence, the court should have found that she did sign and acknowledge the same.

Action in the district court for Morrison county against defendants, Joseph Dubreuille and Marie Dubreuille, his wife, to foreclose a real-estate mortgage, which embraced the homestead of defendants. The case was tried before Searle, J., who found as facts that the mortgage was duly executed by defendant Joseph, but that it was not executed by defendant Marie, his wife, and as conclusion of law found that the mortgage was void as to the homestead. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

[1] Reported in 86 N. W. 779.

*John H. Rhodes* and *Calhoun & Bennett,* for appellant.
*George W. Stewart* and *Stewart & Brower,* for respondents.

COLLINS, J.

This was an action brought to foreclose a real-estate mortgage; the defendants, husband and wife, being the mortgagors and the plaintiff the assignee of the original mortgagee. The complaint contained the usual allegations. The answer admitted the ownership of the premises involved—one hundred and sixty acres of land—at the time of the alleged execution of the mortgage and the notes thereby secured. It admitted some, and denied other, allegations of the complaint, and contained the following paragraph:

"Further answering, defendants deny that they ever made, executed, or delivered the mortgage set forth in the complaint, but admit that they agreed to execute a mortgage substantially in that form,"

—thus making the execution and delivery of the mortgage the main issue in the case.

The facts, as they appeared upon the trial without a jury, were that on November 12, 1892, the defendant Joseph Dubreuille was the owner of the one hundred and sixty acres of land in question, on which he then resided; eighty acres thereof being his statutory homestead. The plaintiff was at the same time the owner, or the agent of the owner (which, does not clearly appear), of some town property in Little Falls, and the defendants wanted to buy it. Negotiations were entered into between the parties, a purchase price of $5,000 was agreed upon, and a sale made to the Dubreuilles on the day last mentioned. No money was to be paid down, but the defendant Joseph was to execute and deliver five promissory notes, each for $1,000, due in one, two, three, four, and five years from date. To secure these notes it was agreed, according to the admission in the answer, to say nothing of the evidence on this point, that the Dubreuilles should execute a mortgage upon the property purchased by them, and also upon this farm of one hundred and sixty acres. On the same day Mr. Dubreuille and his wife, the defendants, went together to the office of the register of

deeds in the town of Little Falls; and there he executed and delivered the notes to plaintiff, as agreed upon,—all being made payable to the order of Edward Goulet, plaintiff's brother. According to plaintiff's contention, as part of the same transaction, at the same time, and to secure payment of these notes, the defendants executed and acknowledged a mortgage upon both pieces of property,—that purchased, and the one hundred and sixty acres,—which mortgage was signed by defendant Joseph by his mark, and by defendant Marie by her own proper signature, and in which the payee of the notes was named as mortgagee. Such an instrument was recorded in the register's office the same day. It purported to have been duly acknowledged before the register, to be witnessed by himself and a man named Stangl, and this is the mortgage in question. At the trial defendant Joseph denied under oath that he ever signed this mortgage, or any mortgage, to secure payment of the notes, while defendant Marie denied that either she or her husband signed such an instrument. The register of deeds, Mr. Stangl, and the plaintiff, who claimed that he was present during this transaction, testified positively as to the signing, acknowledgment, and delivery of the mortgage by both of the defendants.

The court below found that Mr. Dubreuille signed and acknowledged the mortgage in question, but that it was not signed or acknowledged by Mrs. Dubreuille, and, as a conclusion of law,— eighty acres of the farm being a homestead,—that the mortgage was wholly void. It thereupon denied a foreclosure of the same. This appeal is from an order denying a new trial. It will have to be reversed, for the reason and upon the ground that the finding that Mrs. Dubreuille did not sign or acknowledge the mortgage is palpably and manifestly against the weight of the evidence, and that, upon the admission in the answer and the evidence, the court below should have found that she did sign and acknowledge. We are unable to understand how the court below could find that Mrs. Dubreuille was untruthful when testifying that her husband did not sign the mortgage, and then find that she was truthful as to her own part in the transaction, and did not herself sign. If she did not tell the truth as to him, upon what

theory was she declared truthful as to herself? Or, to put it in another way, why was she believed as to part of her testimony, and denounced as to the remainder?

Taking into consideration the fact that, according to the answer, it was agreed that the mortgage should cover the property purchased, and also the farm; that no part of the purchase price of the former was to be paid down, but that credit was to be given for the whole sum; that the purchasers had no property except the farm, worth no more than $300, outside of the homestead, and the improbability that the plaintiff would sell to them without security in addition to the property sold, and that Mrs. Dubreuille had no business to transact at the register of deed's office on this occasion, unless it was to sign the mortgage; that she went there with her husband, and was present when he signed the same; that it had been on record about eight years, and in 1895, under the power, had been foreclosed as to the town property without remonstrance on the part of either of the defendants; and other undisputed facts; to say nothing of the conclusion of the court that Mrs. Dubreuille swore falsely as to her husband,—we are of the opinion that the trial court was not justified in its finding upon the main issue in this case, and should have found the other way.

But this is not all that may be said. As before stated, three witnesses, one, at least, having no interest in the result, testified with positiveness and certainty that the mortgage was signed by both defendants, as it purported to be; and in addition thereto there was attached to it the ordinary certificate of acknowledgment, duly certified to by the register of deeds. It has twice been held in this court that clear and convincing testimony is required to oppose and overcome the statutory authentication by which the proof of deeds is established. Morrison v. Porter, 35 Minn. 425, 29 N. W. 54; Lennon v. White, 61 Minn. 150, 63 N. W. 620. And this is the universal rule. In Insurance Co. v. Nelson, 103 U. S. 544, cited in the Morrison case, it is said:

"The burden rests upon the moving party of overcoming the strong presumption arising from the terms of a written instrument. If the proofs were doubtful and unsatisfactory, if there is

a failure to overcome this presumption by testimony entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of the parties."

The certificate of acknowledgment and the deed import verity, and certainly should not be overcome, except by very clear and satisfactory evidence. It is very generally held that the testimony of a grantor, unsupported and uncorroborated, is not sufficient to overcome a certificate regular on its face; and we doubt if a case can be found where the testimony of an interested party has alone been held sufficient to overcome a certificate of acknowledgment authenticated in due form by an officer authorized to take acknowledgments. See 1 Am. & Eng. Enc. (2d Ed.) 560; 1 Cycl. Law & Proc. 623, and cases cited.

Order reversed.