LEON SKAJEWSKI and Another v. ANNA ZANTARSKI.[1]

December 20, 1907.

Nos. 15,076—(28).

**Cancellation of Mortgage.**

In a proceeding to cancel a deed or mortgage, "the burden rests upon the moving party of overcoming the strong presumption arising from the terms of a written instrument." If the proofs are doubtful and unsatisfactory, if there is a failure to overcome this presumption by plain and convincing testimony, the writing will be held to correctly express the intention of the parties.

**Same—Evidence.**

The trial court found that the mortgage on plaintiffs' homestead in this case was obtained by fraud, and concluded that plaintiffs were entitled to a decree of cancellation. It is *held* that, within the rule in Hicks v. Stone, 13 Minn. 398 (434), the finding should not be disturbed.

Action in the district court for Benton county to have a certain note and mortgage declared void. The case was tried before Searle, J., who found the mortgage null and void and the note a valid obligation. From an order of Dibell, J., acting as judge for the Seventh judicial district, which denied defendants' motion for a new trial, defendant Anna Zantarski appealed. Affirmed.

*J. D. Sullivan,* for appellant.

*W. F. Ewert* and *James R. Bennett,* for respondents.

JAGGARD, J.

This was a proceeding to cancel a mortgage and to adjudge that defendant had no right to or lien upon a certain tract of land. On the third day of October, 1902, the defendant Anna Zantarski sold

[1] Reported in 114 N. W. 247.

and conveyed to one Skaya the tract of land in question for $2,500. Of this sum only $100 was paid in cash. Skaya borrowed from one Foley $1,200 on the land thus conveyed to him and paid that sum to the vendor. The controversy arises as to the payment of the remainder of the consideration. As a matter of fact Skaya and the plaintiffs signed a note for that remaining sum, to wit, $1,200, which was secured by a mortgage on the homestead belonging to the plaintiffs. The contention of the plaintiffs is that, under the agreement with defendant Skaya, they were to sign the note in question executed by Skaya for the balance of the purchase price, that this note was to be secured by a second mortgage on the premises conveyed by Zantarski to Skaya, and that the mortgage on their homestead was secured by fraud and false representations. The defendant insisted that the papers actually executed represented the agreement of the parties and that the transaction was entirely free from fraud. The trial court found that the note was signed by the plaintiffs in good faith, but that the mortgage given to secure the note was procured through fraud, and accordingly ordered the mortgage to be canceled. The motion for a new trial was not made before the judge who made this order, but before another judge. This appeal is taken from his order denying the defendant's motion for a new trial.

No disputed question of law is here involved. It is well settled that "the burden rests upon the moving party of overcoming the strong presumption arising from the terms of a written instrument." If the proofs are doubtful and unsatisfactory, if there is a failure to overcome this presumption by plain and convincing testimony, the writing will be held to correctly express the intention of the parties. Howland v. Blake, 97 U. S. 624, 24 L. Ed. 1027; Insurance Co. v. Nelson, 103 U. S. 544, 26 L. Ed. 436; Goulet v. Dubreuille, 84 Minn. 72, 86 N. W. 779.

The controversy in this case is whether the testimony on behalf of the plaintiffs met the requirements of the law as to conclusiveness. On the one hand, the executed and acknowledged mortgage is a strong muniment of title for the defendant. "The certificate of acknowledgment and the deed import verity, and certainly

should not be overcome, except by clear and satisfactory evidence." Morrison v. Porter, 35 Minn. 425, 29 N. W. 54, 59 Am. Rep. 331; Lennon v. White, 61 Minn. 150, 63 N. W. 620; Goulet v. Dubreuille, supra. In addition to proving this instrument, defendant produced a justice of the peace who conducted the negotiations, and who testified clearly and emphatically that the entire transaction was in good faith. That witness was, however, a nephew of the vendor and mortgagee. On the other hand, plaintiffs appealed to this significant circumstance, namely, Skaya, the vendee, joined in the execution of a mortgage on the plaintiffs' homestead in which he had absolutely no interest. They testified positively that they understood that instrument to have been the second mortgage executed by Skaya to secure the balance of the purchase price, and that they signed it merely as witnesses. The testimony of the two plaintiffs to this effect is corroborated by the defendant Skaya, who was their nephew. Another witness to the mortgage testified to the same effect. He was apparently friendly to plaintiffs, but had no pecuniary, and, apparently, no other, interest. The witnesses spoke Polish. To a peculiar degree the judge who actually tried the case was in a better position to determine the justice of the cause than an appellate court. In accordance with the familiar rule in Hicks v. Stone, 13 Minn. 398 (434), we are constrained to affirm the trial court.

Affirmed.