# STATE v. CHRIST LUCKEN.[1]

May 21, 1915.

Nos. 19,330—(16).

**Forgery — evidence of other forgeries.**

1. In the trial upon a charge of forgery, when the identity of the accused and his guilty intent are necessary to be proven, it is proper for the state to prove that he passed other forged checks, similar in appearance, upon other persons near the same place and at about the same time, and the fact that he had been tried and acquitted upon some criminal charge in relation to these other checks would not render the facts in connection with passing or uttering them inadmissible.

**Same — evidence of handwriting.**

2. Conceding that a defendant charged with forgery may offer samples of his ordinary handwriting solely as standards of comparison, the genuineness of such samples, unless conceded, must be established by clear and satisfactory proof, and the trial court's ruling will not be reversed unless palpably erroneous. In this case one of the three samples, offered together, was objectionable as being made after defendant's arrest, and, as to all, more satisfactory evidence bearing upon their genuineness, although readily obtainable, was not offered, hence no error in the ruling excluding the proffered samples.

**Appeal and error — ruling of court — withdrawal of question.**

3. Error may not be predicated upon a ruling made when the record shows acquiescence and an immediate withdrawal of the question ruled on.

**Record of trial — assertion of prosecuting officer.**

4. An alleged allusion by the county attorney to defendant's failure to testify is not ground for reversal, unless the record directly states that the allusion was made.

[1] Reported in 152 N. W. 769.

Note.—The authorities on the question of evidence of other crimes in prosecution for forgery or uttering forged instrument are reviewed in notes in 62 L.R.A. 224, 249, 289, 319, 324, and 43 L.R.A.(N.S.) 754. As to the sufficiency of proof of genuineness to render specimens of handwriting competent as standards for comparison, see note in 63 L.R.A. 428. As to the necessity of perpetuation in the record of unfair or irrelevant argument by prosecuting attorney to secure reversal of conviction, see note in 46 L.R.A. 646.

**Evidence — search for technical error.**

    5. The evidence of defendant's guilt is so ample and convincing that the appellate court should not search for technical errors not raised by the assignments of error nor discussed in the briefs.

**New trial.**

    6. No abuse of discretion is apparent in the court's denial of a new trial on the ground of newly discovered evidence.

Christ Lucken was indicted by the grand jury of the crime of forgery in the second degree, tried in the district court for Chippewa county before Qvale, J., and a jury, and convicted. From an order denying his motion for a new trial on the ground of errors occurring at the trial and that the verdict was not justified by the evidence and from an order denying his motion for a new trial on the ground of newly discovered evidence, defendant appealed. Affirmed.

*C. D. Bensel,* for appellant.

*Lyndon A. Smith,* Attorney General, *John C. Nethaway,* Assistant Attorney General, and *A. E. Kief,* County Attorney, for respondent.

HOLT, J.

Defendant was convicted of forging a bank check. Thereafter he moved for a new trial upon a settled case. The motion was denied by an order filed in November, 1914. Subsequently he moved for a new trial on the ground of newly discovered evidence. This motion was also denied. Defendant appeals from both orders.

Between 6 and 8 o'clock on the evening of December 26, 1913, four spurious bank checks, each in an amount of near $20, purporting to be drawn by Peter W. Samdahl, upon the First National Bank of Montevideo, were presented to and cashed by four different business men in Montevideo, Minnesota. The indictment upon this trial concerned a check for $22.55 (Exhibit A in the record.) The testimony of the state tended to show that defendant came to the store of Parks & Qvien in said city on the evening in question, bought a ladies sweater for three or four dollars, and then presented this check (Exhibit A), in payment. The manager of the store got the check cashed, returning the difference to defendant in money. It appeared in evidence that at this time Peter W. Samdahl, the purported maker of

the check, was away from the state. The defendant was then occupying the house which Samdahl had, shortly before, vacated. The state, over the objection of defendant, was permitted to offer testimony tending to prove that, within an hour or two of the time of the transaction with Parks & Qvien, defendant presented three other bank checks, having the same signature, being of nearly the same amount, drawn upon the same kind of blanks, and in apparently the same handwriting, to three different business men in the vicinity, and in each case, in a similar manner, realized around $15 cash. And these checks, marked Exhibits B, C and D, were allowed to go to the jury over defendant's protest.

From questions put by defendant's counsel and his objections it may be inferred that, at least twice before, defendant had been tried either for forging, or for uttering, two of these last mentioned checks, and had been acquitted. But there is no proper proof of such acquittal, nor of the charge upon which defendant was tried. The reception of these Exhibits B, C and D, and the evidence of the transactions in relation thereto, present one of the main errors complained of.

There can be no doubt that in the trial of crimes wherein it is necessary to prove the identity of the accused, or a guilty intent, it is permissible for the state to introduce evidence of other like acts of the accused so closely connected in time, place and manner, that the legitimate inference is that he, and none other, is guilty of the crime upon which he is being tried, and that it was committed with guilty intent. State v. Rose, 70 Minn. 403, 73 N. W. 177. This proposition is not denied by counsel for defendant, but it is insisted no evidence should have been received concerning the checks for the forgery, or uttering, of which he had been acquitted. There are two complete answers to the contention. There is no proof of other indictments or acquittals in the record. It is only to be inferred from the questions and objections of counsel. This is not proof. Again, the law is not as claimed. In State v. Robinson, 16 N. J. Law, 507, the syllabus is: "On the trial of an indictment for uttering a forged note, it is competent evidence, in order to show a *scienter*, to prove that the prisoner uttered another forged note of the same bank on the same day, although he had been acquitted on a trial for that offense."

Bell v. State, 57 Md. 108, contains an able discussion of the proposition and announces the conclusion that the acquittal upon an indictment charging forgery of a check does not preclude the state from showing the facts in respect thereto on the trial of the same person upon another charge of forgery of a check, committed about the same time. To the same effect is People v. Frank, 28 Cal. 507; McCartney v. State, 3 Ind. 353, 56 Am. Dec. 510. The only authority lending any countenance whatever to defendant's contention is State v. Tindal, 5 Harr. (Del.) 488, where the court stated that, if an acquittal had been properly proven, defendant would have been entitled to an instruction to disregard the evidence relating to the transaction on which he was acquitted. The decision is not in point here. We do not intimate that, after the state had introduced the facts attending the passing of Exhibits B, C and D, defendant could not then have shown that he had been indicted, tried and acquitted of forging, or uttering, those checks. Mitchell v. State, 140 Ala. 118, 37 South. 76, 103 Am. St. 17.

Defendant's wife as witness for the defense testified that she had seen defendant write "thousands of times" and knew his handwriting; that the three checks, marked Exhibits 3, 4 and 5, were written by him. The record then reads: "Defendant offers in evidence Exhibits 3, 4 and 5. State objects as immaterial and irrelevant. Objection sustained and defendant excepts." Two of these checks were dated some months prior to the alleged forgery and one several months subsequent to the arrest of defendant. As to the last mentioned it was inadmissible in favor of defendant being a writing created *post litem motam*. Hickory v. United States, 151 U. S. 303, 14 Sup. Ct. 334, 38 L. ed. 170. No other testimony was offered as to these checks being written by defendant. A stamp upon their face indicates payment by the drawee bank, but no official or agent of the bank was called to identify the writing. We think the rule obtains in this state that the conceded genuine handwriting of the one claimed to have executed the forgery may be received for the purpose of comparison; and this is so, whether or not such genuine writing is otherwise admissible. Morrison v. Porter, 35 Minn. 425, 29 N. W. 54, 59 Am. Rep. 331. If it may be received against the accused, it ought

also to be admissible when offered by him. The purpose was no doubt to persuade the jury that the one who wrote Exhibits 3, 4 and 5, could not have written Exhibit A. But here was no concession by the state that Exhibits 3, 4 and 5 were in defendant's handwriting.

Wharton, Criminal Evidence (10th ed.) § 424c, states: "In some states comparison is limited to those specimens admitted to be genuine writings. Such admission must come from the opposing party, and be a judicial admission. In those states where the comparison is allowed with any written matter proved to be genuine, the proof of genuineness is to be determined by the court. As to the quantum of proof, this must be, generally, 'to the satisfaction of the judge,' and under the rule of criminal evidence, the judge should be satisfied beyond a reasonable doubt as to the genuineness of the specimens offered." This last clause in the text, no doubt, refers to an attempt by the prosecution to make use of a genuine writing as a standard of comparison, and not to an offer of a writing for comparison by a defendant in a criminal trial. But the fact remains, the proof of the genuineness of the test writing must be clear and convincing to the trial court. State v. Thompson, 80 Me. 194, 13 Atl. 872, 6 Am. St. 172; State v. Ward, 39 Vt. 225; Rowell v. Fuller's Estate, 59 Vt. 688, 10 Atl. 853; McCombs v. State, 109 Ga. 496, 34 S. E. 1021; Commonwealth v. Coe, 115 Mass. 481; Costello v. Crowell, 133 Mass. 352; Sankey v. Cook, 82 Iowa, 125, 47 N. W. 1077; University of Illinois v. Spalding, 71 N. H. 163, 51 Atl. 731, and the notes thereon in 62 L.R.A. 817; also case note to Gambrill v. Schooley, as reported in 63 L.R.A. 427. 4 Wigmore, Evidence, § 2550. 3 Jones, Commentary on Evidence, § 555, is to the effect that the test writing sought to be introduced must be clearly proved to be genuine, and that the trial court's decision as to whether this has been done, insofar as it decides the fact, is final.

It is true many of the decisions cited, or found under the citations, are based upon statutory provisions, but the general rule is that the trial court is not required to admit a writing for comparison unless its genuineness is conceded, or so clearly proved that it no longer remains a fact for the jury to consider. In New York the rule is not so stringent, the court holding that court and jury may pass on the

genuineness of the proffered standard writing. People v. Molineaux, 168 N. Y. 264, 61 N. E. 286, 62 L.R.A. 193. Even under that rule we cannot say the court erred here. The three checks were offered together, one of which was clearly inadmissible. The witness had not seen defendant write any of them. She was a much interested party. Other witnesses as to the genuineness of these proposed standards of comparison were near at hand. The handwriting in a forgery is usually disguised. In view of all the facts we think the trial court was warranted in requiring the best proof obtainable of the genuineness of any writing of the accused, offered as a test or standard of comparison.

Defendant also assigns error upon the refusal to let defendant's wife express an opinion whether or not Exhibits A, B, C and D, were in his handwriting. The state interposed the objection that she had not shown herself qualified, and that it was not claimed that the exhibits were in his natural handwriting. In ruling upon the objection the court made a remark which led defendant's counsel to state "With that understanding, we will not ask that question." We think defendant is not now in position to insist that the question he withdrew should have been answered.

The record reads: "After the argument of the county attorney to the jury the defendant's counsel excepted to the following language which he stated the county attorney used in addressing the jury: 'There is only one man who knows if defendant forged those checks or not, and that is the man himself.'" The settled case does not show the county attorney to have used the language imputed to him by defendant's attorney, or the substance thereof. For aught disclosed by the record the first intimation the jury had of defendant's failure to testify came from hearing the statement of his counsel. If either the court or the prosecuting attorney is charged with a violation of the protection given the accused by the last clause of section 8376, G. S. 1913, the record should clearly and directly set forth the fact, and this necessarily means that it must state what language the offender employed. It should not be left to be inferred from a mere recital in an exception taken by defendant's counsel.

The evidence has been carefully examined. It amply supports the

conviction. The defense was a somewhat weak *alibi*. This record may not be free from technical errors, but it is not our duty to interpose a technicality, not presented by the assignments of error or the brief, in a case, such as this, where defendant's guilt is established so convincingly by a multitude of disinterested witnesses, who had ample opportunity to observe and know the fact that he and none other passed the spurious checks, Exhibits A, B, C and D. The identity of defendant was the only debatable issue of fact in the case.

Defendant also complains of the order denying the application for a new trial on the ground of newly discovered evidence. No useful purpose will be served by setting out the details. It is enough to say, it is based upon the theory that possibly one Hanson, who worked in the threshing crew of Peter W. Samdahl the previous fall, and who could not be located when the motion was made, committed the forgeries; and that afterwards when he heard of defendant's arrest, remorse impelled him to send money to a banker at Montevideo to be paid through defendant's attorney to the persons defrauded. There is inherent evidence in the handwriting of the letters to the bank, and in their contents, as well as in the genuine handwriting of Hanson, as found upon the checks endorsed by him and attached to the affidavits used on the motion, to lead to the conclusion that the whole claim of newly discovered evidence is a clever frame-up to meet an exigency. We should not lightly interfere with the trial court's judgment as to when so-called newly discovered evidence warrants a new trial. We see no abuse of discretion, even were it possible to discern in the showing any competent newly discovered evidence capable of being produced by defendant, were a new trial granted to him.

The orders appealed from must be and are affirmed.