# CHARLES O. CLYMER v. KELLOGG, SPENCER & SONS.[1]

July 9, 1915.

Nos. 19,369—(244).

**Negligence — evidence.**

>   The evidence in this case fails, as a matter of law, to show any negligence on the part of defendant or any ground of liability.

Action in the district court for Hennepin county to recover $5,000 for personal injury received while in the employ of defendant corporation. The case was tried before Steele, J., who denied defendant's motion to dismiss the action and a jury which returned a verdict for $1,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Briggs, Thygeson & Everall* and *Charles H. Weyl,* for appellant.
*George Harold Smith,* for respondent.

BUNN, J.

This is a personal injury action in which defendant appeals from an order denying its motion for judgment *non obstante* or for a new trial, after a verdict for plaintiff.

The facts, which are not seriously in dispute, are as follows: Defendant is a corporation engaged in Minneapolis in the manufacture and sale of oils. It buys second-hand barrels for use in holding and marketing its product. It is necessary that these barrels be tested and glued before they are used. Any holes that are dis-

[1] Reported in 153 N. W. 602.

closed are plugged, and the glue fills up the pores and the smaller holes. The work was done in this way: There was a glue pot four feet in diameter and two or three feet deep which was filled with ten parts water and one part glue. Around this glue pot is a steam chest in which steam circulates and heats the mixture in the glue pot to the proper temperature. When a barrel is to be tested and glued, it is placed beside the glue pot, and a small pipe is run from a quick opening valve into the bung hole of the barrel, and a gallon of the hot glue allowed to go into the barrel. A bung is then driven into the bung hole, and the operator shakes the barrel so as to make the glue come in contact with all parts of the inside and thoroughly line it. The barrel is then placed in a conveyor, the bung taken out, and the barrel drained. This completes the operation. When the barrel is shaken there is considerable pressure caused by the hot mixture inside, which discloses any holes there may be. It also sometimes forces out the bung.

Plaintiff had been in the employ of defendant for four months prior to the accident. For the last two months of this time he was testing and gluing barrels in the manner pointed out. On the occasion of the accident he was shaking a barrel after putting in the hot glue and driving a rubber plug into the bung hole. The plug came out, and some of the steam and hot glue escaped and injured plaintiff's eyes.

The negligence pleaded and relied on to justify a recovery is the failure to furnish plaintiff with a proper and safe machine with which to test the barrels and the failure to furnish him a safe place to work. The court instructed the jury that the question on this branch of the case was whether the method and device selected by defendant for testing and gluing barrels was reasonably safe. We are of the opinion that there was no evidence of negligence in this respect or in any other. There was some testimony as to the use of a steam tester with which to test the barrels, but the court, rightly we think, told the jury that this question was not in the case. This device was not intended to perform the service of gluing the barrels, the evidence does not show that its use was practicable for

defendant's purposes, or that it would make for the safety of employees. We fail to discover any evidence tending to show that defendant could have done anything to remove or lessen whatever small element of danger there may have been in the operation described. It supplied wooden bungs and rubber ones, and the operator selected the kind he wanted to use, and drove it in as hard as he thought necessary. There is no claim of any failure to instruct or warn. Plaintiff was entirely familiar with the whole operation, did it all as his experience and judgment told him to do it. If it could be held that there was any negligence, it is extremely difficult to see why plaintiff did not assume the risk.

The case has been twice tried. The first verdict was set aside because the trial court thought the evidence did not sustain it. The second trial was before another judge, who recognized this as "a border case and perhaps beyond the border." We are satisfied that it is a case of no liability, and that the litigation should end.

Order reversed and judgment for defendant ordered.