## SUMMIT MERCANTILE COMPANY v. THOMAS M. DAIGLE.[1]

### June 25, 1920.

### No. 21,850.

**Chattel mortgage — presumption that it is true.**

1. A chattel mortgage executed and acknowledged in due form of law and duly filed in the proper office, is presumed to express the terms and purpose of the instrument in their true light.

**Burden of proof against presumption on mortgagor.**

2. The burden to overcome the presumption, and to establish the claim that the mortgage was not intended as a reality, but as a sham and pretense to deceive creditors, rests with the mortgagor or those claiming under him.

**Evidence to rebut presumption must be convincing.**

3. The evidence to establish such claim must be strong, clear and convincing, amounting to more than a preponderance, for written contracts thus formally executed will not, under the law, be lightly set aside or held as sham and fictitious.

[1]Reported in 178 N. W. 588.

**Judgment notwithstanding verdict upheld.**

4. The trial court in this case was not bound to accept the unsupported testimony of the mortgagor that the mortgage was a sham, intended to deceive creditors, and the order directing judgment for plaintiff notwithstanding the verdict was proper, and is sustained.

Action in the district court for Itasca county to recover possession of certain property. The case was tried before Stanton, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order granting plaintiff's motion for judgment notwithstanding the verdict and denying a new trial, defendant appealed. Affirmed.

*H. W. Stark,* for appellant.

*C. L. Pegelow,* for respondent.

BROWN, C. J.

The short facts in this case are that in December, 1912, defendant executed and delivered to plaintiff a chattel mortgage in due form upon the property here in question to secure the payment of an indebtedness owing to plaintiff, which, as expressed in the instrument, fell due on December 29, 1914. The indebtedness was not paid and plaintiff demanded possession of the property for the purpose of a foreclosure of the mortgage. On defendant's refusal to surrender the same plaintiff brought this action in claim and delivery for the recovery thereof or its value. The due execution and delivery of the mortgage is not disputed, the defense on the trial being limited to the claim that it was so executed and delivered to plaintiff without consideration and to protect the property from attack by other creditors. Plaintiff's claim was that the mortgage was given to secure the payment of an existing indebtedness due from defendant and such further advances and credit as he might require in his logging operations.

A general verdict was returned for defendant. On plaintiff's alternative motion for judgment or a new trial the court set the verdict aside and directed judgment for plaintiff notwithstanding the same. Defendant appealed.

The only question presented is whether the trial court was justified,

on the evidence, in directing judgment for plaintiff notwithstanding the verdict. We have read and considered the record with special care, in view of the direct and specific statement of defendant as a witness that the mortgage was not given for the purpose expressed therein, namely, as security for the payment of an existing indebtedness due to plaintiff, and answer the question in the affirmative. The evidence taken as a whole, as illuminated by facts and circumstances surrounding the transaction, justified the court, within the rules of law applicable to the case, in concluding that the testimony given by defendant did not express the truth.

The mortgage was a solemnly executed written instrument, duly acknowledged before a notary public, filed in the proper office, and recited that it was given as security for the payment of an indebtedness amounting to the sum of $800. Presumptively it expressed the terms and purposes of the contract between the parties in their true light. The burden to overcome the presumption and to support the claim that the transaction was not intended as a reality, but rather as a sham and pretense to deceive creditors, was with defendant. Skajewski v. Zantarski, 103 Minn. 27, 114 N. W. 247; Goulet v. Dubreuille, 84 Minn. 72, 86 N. W. 779. He was bound to sustain his contention by clear, strong and convincing evidence, amounting to more than a preponderance, for contracts thus formally reduced to writing cannot, under the law, be lightly set aside as sham and fictitious. McCall v. Bushnell, 41 Minn. 37, 42 N. W. 545; Stitt v. Rat Portage Lumber Co. 96 Minn. 27, 104 N. W. 561; 2 Dunnell, Minn. Dig. § 6157.

In the case of Graham v. Savage, 110 Minn. 510, 126 N. W. 394, 136 Am. St. 527, 19 Ann. Cas. 1022, it was held that parol evidence was wholly inadmissible to prove an understanding between the parties that the written contract expressing the terms of their engagements should not be operative according to its terms. But that question was not raised below, and we do not apply that rule, the correctness of which as one of general application may be doubted. But the rule that the contract will not be held sham and meaningless except upon a strong, clear and convincing showing, is settled law, and is applied by all the courts, not holding to the doctrine of the Graham case.

10 R. C. L. 1050; Graham v. Savage, 19 Ann. Cas. note on page 1025.

The evidence in support of defendant's view of the contract in the case at bar consisted in his naked declaration, unsupported by any substantial corroborative fact or circumstance, that it was not intended as a binding contract, and was understood as a mere sham to divert the attention of his creditors. He conceded the existence of an indebtedness to plaintiff in the sum of about $275, but insisted that there was no thought or agreement to secure the payment thereof by the mortgage. In this he was directly contradicted by the recitals in the solemnly executed mortgage, by the testimony of the general manager of plaintiff, and by the testimony of the scrivener who prepared, and before whom defendant acknowledged the execution of, the mortgage. On that state of the evidence the trial court was not bound to accept the uncorroborated word of defendant, and the ruling in effect that the evidence to sustain his claim was in degree insufficient to overcome the mortgage is fully sustained by the authorities. The court would have been justified in directing a verdict for plaintiff. Thompson v. Pioneer-Press Co. 37 Minn. 285, 33 N. W. 856; Boston N. W. R-E. Co. 66 Minn. 99, 68. N. W. 602. But we are not to be understood as holding that the uncorroborated testimony of one of the parties that the contract involved in the action was intended as sham and fictitious would not in any case be sufficient to justify setting the contract aside or holding it for naught. All we hold is that on the facts here presented, as stated above, the trial court was not bound to accept the unsupported testimony of defendant as sufficient to destroy the written contract, as embodied and expressed in the mortgage.

It does not matter that there have been two trials of the action, each resulting in a verdict for defendant. Clymer v. Kellogg, Spencer & Sons, 130 Minn. 327, 153 N. W. 602. The conclusion of the learned trial court is therefore sustained.

Order affirmed.