## JOSEPH TYRA v. ROBERT J. CHENEY and Another.[1]

May 28, 1915.

Nos. 19,192—(120).

Contract — mistake in bid — acceptance.
    1. Where an oral estimate or bid upon work is given, to be followed by a written bid, and a mistake in the price is made in the latter, the one to whom the bid is offered cannot by an acceptance make a contract if he knows of the mistake and the bidder's ignorance of its occurrence.

[1] Reported in 152 N. W. 835.

---

Note.—As to accepting bid with knowledge of mistake as to subject matter, see note in 43 L.R.A.(N.S.) 654.

As to mistake in computation by contractor as ground for relief, see note in 10 L.R.A.(N.S.) 114.

**Performance of contract — recovery of reasonable value.**

2. In such case the bidder, having performed the work in ignorance of the mistake, may recover the reasonable value, upon proof that the other party, cognizant of the mistake, nevertheless, in bad faith, directed the work to be done, when he knew that the bidder believed the written bid conformed in price to the oral bid previously given.

**Error.**

3. The record examined and found free from prejudicial error.

Action in the district court for Hennepin county to recover $990.70. The answer alleged that the work done by plaintiff was performed under an agreement to do it for the sum of $3,062 and tendered judgment for $27.70. The reply denied the contract. The case was tried before Fish, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for $569.70. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*R. L. Penney,* for appellant.

*Alvord C. Egelston,* for respondent.

Holt, J.

The defendant had the contract to add to and repair a school building in Minneapolis, Minnesota. Plaintiff did some work and furnished some material in the performance of the contract. This action was to recover the reasonable value thereof, less certain admitted payments. In defense an express contract was pleaded, and judgment tendered for $27, the unpaid balance. Verdict for plaintiff, and defendant appeals from the order denying his motion in the alternative for judgment or a new trial.

Plaintiff's contention, in brief, was: About the last of July, 1912, he offered to bid on the roofing and sheet metal work required in defendant's contract. Lacking time to put the bid, or estimate, in formal shape, he, on July 27, gave to defendant's estimator the figures for the various items, namely, $963 for the new part of the building; $2,410 for the old part; $400 for registers, and $251 for metal covered doors; the total bid being about $4,025. On August 1 he was told the bid came too late, but, nevertheless, he could send

it in in writing. Plaintiff undertook to do so on the third, but now claims the item of $963, for the new part of the building, was left out through oversight. A few days thereafter, upon inquiring about his chance of securing the work, he was told that his bid was too high. However, he persisted in the attempt to induce defendant to use, instead of the specified metal doors, metal doors of plaintiff's make. He succeeded, and, late in August, was awarded a separate contract for the doors for $295. Nothing further was heard from defendant until in September, when plaintiff was told to go ahead with the work. Defendant denies ever receiving any estimate, bid or figures, except the written bid. The court, in submitting the case, charged that the burden was upon plaintiff to show, by a fair preponderance of testimony, that when, in September, 1912, defendant gave plaintiff the direction to proceed with the work, it was done with knowledge of plaintiff's mistake of $963 in the written bid, and of his resting under the belief that it conformed to the oral bid of $4,025, so that it might be truthfully found that defendant did not accept the written bid of $3,062 in good faith, then plaintiff could recover the reasonable value, otherwise the verdict must be limited to the amount tendered in the answer. We believe this theory sound. If cognizant of the mistake in plaintiff's bid, and that the latter was unaware of its occurrence, defendant had no right to claim that, when he told plaintiff to go ahead with the work, their minds met upon the price mistakenly stated in the bid. Nor should plaintiff be allowed to profit by his own mistake so as to hold defendant to the oral bid. There was a failure to enter a binding contract. One cannot snap up an offer or bid knowing that it was made in mistake. Page, Contracts, § 86; Elliott, Contracts, § 107; Harran v. Foley, 62 Wis. 584, 22 N. W. 837; Everson & Co. v. International Granite Co. 65 Vt. 658, 27 Atl. 320; Singer v. Grand Rapids Match Co. 117 Ga. 86, 43 S. E. 755; Rowland v. N. Y. N. H. & H. Ry. Co. 61 Conn. 103, 23 Atl. 755, 29 Am. St. 175; Peerless Glass Co. v. Pacific Crockery & T. Co. 121 Cal. 641, 54 Pac. 101. This also disposes of alleged errors in admitting evidence of reasonable value.

The court after charging that plaintiff must prove by a fair preponderance of the evidence that defendant in bad faith sought to take

advantage of the mistake in the written bid said: "That means that the evidence in favor of that theory of the case must be to your minds, in some degree, more convincing than that to the contrary." The expression "in some degree" is criticized. This was not an action to reform a contract, where clear and convincing proof of mistake is required, but a case where it is claimed the mistake of one party was knowingly and in bad faith sought to be taken advantage of by another in attempting to enter a contract. In such a case, virtually one of fraud, a fair preponderance of evidence determines the issue. If the phrase, "in some degree," was not an accurate enough statement, as applied to the quantum of proof required, the court's attention should have been called thereto at the time. It is also claimed the testimony upon the reasonable value widely diverged, hence prejudicial error for the court to say: "I think there is not very much dispute in the evidence as to what the reasonable value was. You will perceive that the plaintiff's testimony as to what the reasonable value was, is just the amount of his bid, plus the $963." Defendant offered no testimony upon reasonable value except that of one person who bid on most of plaintiff's work. He testified only to the value of the work included in his bid. Adding thereto the value of what other work was furnished by plaintiff, the jury might reach the conclusion that the reasonable value of all was about $3,500. The verdict is practically on that basis, so that, even if the court was not warranted in the statement, the jury were not misled nor defendant prejudiced.

The verdict is assailed as not supported. We are not permitted to weigh the evidence. This is the province of the jury. There is positive and direct testimony to sustain the verdict under the pleadings and theory of the law correctly applied to the issues by the learned trial court. A further review of such testimony would serve no useful purpose.

The order is affirmed.