## NATIONAL FINANCE COMPANY v. WILLIAM R. MITCHELL.[1]

November 2, 1923.

No. 23,554.

**Proof of seller's agency unnecessary to establish defense that sale was not absolute.**

1. Plaintiff's only claim to a motor truck, in defendant's possession, was under a conditional sales contract assigned to it by the seller named therein. It was therefor unnecessary for defendant, the buyer named in said contract, to prove that the seller was the authorized agent of plaintiff, in order to establish the defense that the contract

[1]Reported in 195 N. W. 542.

was signed and delivered upon an oral agreement that it should not become operative or effective as a contract until the happening of a future event. But, even assuming that the transaction with defendant was in plaintiff's behalf, the evidence was sufficient to warrant a finding that those who dealt with defendant and turned over the truck to him were authorized to act for plaintiff.

**Rulings on admissibility of evidence.**

2. As against the objections made, the rulings on the admission of evidence were not erroneous.

Action in the district court for Blue Earth county in replevin or for $3,000, the value of a motor truck. The case was tried before Comstock, J., who when defendant rested denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Selover, Schultz & Mansfield*, for appellant.

*S. B. Wilson*, for respondent.

HOLT, J.

Action in replevin for a motor truck in which defendant had a verdict. From an order denying plaintiff's motion for judgment non obstante or a new trial, it appeals.

The complaint alleged ownership and right of possession in plaintiff, defendant's wrongful detention after demand and the value of the truck. The answer is lengthy, but the substance, so far as material to the question raised on this appeal, may be thus stated: An oral contract was made between defendant and plaintiff with the consent of Nils C. Jensen to the effect that if defendant would pay $1,407, execute a note and contract in form for the purchase of a motor truck, and deliver the same into the possession of plaintiff and Jensen, plaintiff would put the truck in the possession of defendant and would furnish defendant employment in which he could use the truck until it was paid for from the earnings, and that said note and contract, written payable to Jensen and forthwith assigned to plaintiff, should be delivered to plaintiff and Jensen and become

binding only upon the condition that plaintiff furnished defendant employment as stated, and upon the further condition that defendant paid said $1,407 as evidence of good faith on his part in entering into such an arrangement and to justify plaintiff in turning over the truck to defendant. The answer also contained averments that the said oral agreement was made, the note and mortgage were signed, copies of which were attached, the $1,407 were paid, and the truck delivered; also that plaintiff failed to furnish employment as agreed except to the extent of $30. The reply denied the defensive matters in the answer.

Plaintiff introduced the note and conditional sales contract wherein Jensen was payee and vendor, both instruments being assigned by Jensen to plaintiff, and it was admitted that the monthly payments called for in the note and contract had not been made. Defendant testified that the deal was made with Jensen and Tom Pearson; that the latter did most of the talking, and was the representative of plaintiff; that Pearson said to the witness: "They would furnish me work for the truck until the truck was paid for at $30 a day for ten hours * * * if I would make a down payment on this truck of $1,407 to show good faith on my part they would deliver the truck * * * I would have the truck for security for my $1,407 and if at any time they failed to live up to their agreement they would pay the money back to me * * * No work, no pay * * * the note and contract would never become binding on me until—unless I failed to carry out my part of the work proposition * * * It was not to become an obligation on my part until I failed to carry out my part of the agreement * * *. It would be binding upon me if they carried out their part of the contract. Not until then. I said well, all right, if you will turn the truck over to me as security" I would do that. The testimony was that thereupon the truck was turned over, the $1,407 paid, the note and contract executed, and immediately indorsed to plaintiff by Jensen, the payee in the note and the seller in the contract, and the $1,407 remitted by Jensen to plaintiff. No testimony was offered to dispute the above.

The court charged the jury, in substance, that, if defendant had proved that the note and contract were delivered conditionally as alleged in his answer and Jensen and Pearson had authority from plaintiff to make such arrangement with defendant, he was entitled to the verdict. On this appeal no exception is taken to the law stated in the charge. We are therefore relieved from determining whether this is a case of a contract delivered on condition that it should not become operative until after the happening of some event (ruled by such cases as Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255; S. F. Bowser & Co. v. Fountain, 128 Minn. 198, 150 N. W. 795; Wade v. Nat. Bank of Commerce, 144 Minn. 187, 174 N. W. 889), or one where a subsequent occurrence is to render a contract already in force inoperative (ruled by such cases as Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048, and Security Nat. Bank v. Pulver, 131 Minn. 454, 155 N. W. 641). In the former oral testimony is admissible as to the condition precedent to the going into existence of a written contract, while in the latter oral testimony as to the condition upon which an existing written contract is to become inoperative is inadmissible as tending to vary the terms of the instrument.

The main contention of plaintiff, as we gather from the brief, is that the evidence is insufficient to prove that Jensen and Pearson were its agents and authorized to make the oral agreement defendant relies on for a defense. It is difficult to see why defendant must prove agency. Plaintiff claims no title or right of possession to the truck other than as an assignee of the contract from Jensen. The contract was between Jensen, as seller, and defendant, as buyer. Plaintiff must stand in Jensen's shoes. Any defense available as against Jensen is available against his assignee, this plaintiff. The pleaded defensive agreement was made personally with Jensen, plaintiff's assignor, so that proof of agency is not an element in establishing the defense.

But, assuming that the deal was plaintiff's and it did business in Jensen's name, there is evidence of agency. We must then presume the truck to have been plaintiff's turned over to Jensen and Pearson for such disposal as they deemed proper, for plaintiff offered

no testimony of any restriction upon them in the fixing of price, terms or conditions. The $1,407 Jensen received upon turning over the truck to defendant were at once remitted by Jensen to plaintiff, so were the note and written contract, after first being assigned by Jensen. When, a few months after the transaction, defendant's attorney advised plaintiff of the oral agreement pursuant to which Jensen obtained possession of the note and sales contract, plaintiff did not deny Jensen's authority to represent it in the transaction with defendant. The only thing in the record plaintiff may point to as suggesting a limitation of authority of the agents to whom it had given the truck to sell, is found in this recital in the note: "No officer, agent or employee of the payee shall have the right to vary or alter the terms of this instrument except by the written consent of the board of directors and of the maker hereof." But the payee, or the other party to the note, was Jensen, a person not subject to a board of directors, so plaintiff, at whose office the note was merely made payable, can invoke no aid from the recital. We think there was sufficient evidence to establish agency, were it needful, even though the proof may not have measured up to the high standard inadvertently fixed by the learned trial court. Plaintiff necessarily concedes Jensen and Pearson to have had some authority in respect to the truck of which they had been given possession. They turned over the possession to defendant. If in so doing they exceeded their authority it ought to have been easily established by plaintiff. No attempt was made to do so affirmatively. Plaintiff had availed itself of the agent's labor. Wellberg v. Duluth Auto Supply Co. 146 Minn. 29, 177 N. W. 924.

Several assignments of error go to rulings on the admission of evidence. All the testimony thus admitted was admitted over plaintiff's objection that it was immaterial and incompetent to show conversations with Jensen and Pearson for the reason that they had not been connected with plaintiff and it was hearsay. No objection was made on the ground that the question would call for oral testimony tending to vary the terms of a written contract. As before stated, the writings under which plaintiff claims were made with Jensen as one of the parties thereto. Hence conversations with him

could not be objectionable as hearsay. If defendant was dealing with plaintiff at all, the transaction in its behalf was carried on exclusively by Jensen and Pearson, both of whom were present each and every time when defendant negotiated for the truck.

That plaintiff, upon the record made, was not entitled to a directed verdict is apparent from what has been said. No other assignment of error calls for comment.

The order is affirmed.

The Chief Justice did not sit in this case, having been of counsel therein.