# Hertzog *v.* Leon, Appellant.

*Landlord and tenant—Termination of lease—Notice.*

1. A notice by a lessor of the termination of a lease is sufficient if it is signed by the lessor, directed to and served upon the lessee in ample time, describes the premises, gives the exact date when the term expires, and in effect tells the lessee he must vacate or have a new lease.

2. Such notice need be in no set form of words, but it must be in plain direct language and without ambiguity.

*Landlord and tenant—Extension of lease—Parol and written evidence—Case for jury.*

3. Where the question of the extension of a lease depends upon oral and written evidence, the case is one for the jury.

4. Where a lessor refuses an extension of a lease, but gives the lessee a memorandum intimating an extension to show to importunate real estate agents who were annoying the latter as to offers of other properties, the use of such paper as evidence of an extension of the lease is a fraud upon the lessor, and opens the door for proof of the real facts by parol evidence.

*Appeals—Assignments of error—Question not raised in lower court—Failure to charge.*

5. Questions not raised in the court below will not be considered on appeal.

6. The appellate court will not consider a complaint of a failure to instruct the jury on a question to which counsel neglected to call the trial judge's attention.

Argued April 28, 1924. Appeal, No. 247, Jan. T., 1924, by defendant, from judgment of C. P. Berks Co., Nov. T., 1921, No. 21, on verdict for plaintiff, in case of H. F. Hertzog v. Dr. J. A. Leon. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Feigned issue to determine validity of judgment. Before BIDDLE, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Randolph Stauffer*, with him *C. H. Ruhl*, for appellant. —No adequate quit-notice was given: McGregor v. Rawle, 57 Pa. 184; Wilcox v. I. & Steel Co., 147 Pa. 540; Byrne v. Funk, 13 W. N. C. 503; Thamm v. Hamberg, 7 Phila. 266; Fotterall v. Armour, 218 Pa. 73; Spiess v. Simon, 65 Pa. Superior Ct. 311.

Judgment n. o. v. should be entered for appellant because plaintiff's evidence to vary the terms of the written extension of lease was not so clear, precise and indubitable as to warrant its submission to the jury: Title G. & S. Co. v. Lippincott, 252 Pa. 112.

*H. Robert Mays,* with him *Chas. W. Matten,* for appellee, cited: Com. v. Kaiser, 184 Pa. 493; Wertz v. May, 21 Pa. 274; Biddle v. Cohen, 30 Pa. Dist. R. 160; Bauer v. Hill, 267 Pa. 559; Supplee v. Timothy, 124 Pa. 375.

OPINION BY MR. JUSTICE WALLING, May 19, 1924:

By written lease H. F. Hertzog, the plaintiff, demised to Dr. J. A. Leon, the defendant, the property known as 825 Penn Street, Reading, for the term of one year, beginning April 1, 1916. The lease contains, inter alia, clauses as follows: "Privilege granted lessee to sublet dwelling portion also to renew this lease for four additional terms of one year each upon the terms and conditions contained herein said privilege to be exercised at the expiration of each successive term of one year....."

"And it is hereby mutually agreed, that either party hereto may determine this lease at the end of said term as extended by Dr. J. A. Leon under the privilege to renew as above set forth by giving the other notice thereof, at least three months prior thereto, but, in default of such notice, this lease shall continue upon the same terms and conditions as are herein contained, for a further period of one year and so on from year to year unless or until terminated by either party hereto giving to the other three months notice for removal previous to the expiration of the then current term." The lease also contains the usual clause authorizing the confession of judgment by plaintiff in an amicable action of ejectment for condition broken, etc. Defendant exercised the privilege of extending the lease during the four successive one-year terms, the last expiring April 1, 1921. Previously thereto, on December 15, 1920, plaintiff gave defendant a

written notice, viz: "Reading, Pa., December 15th, 1920. Dr. J. A. Leon. Dear Sir—In reference to your lease on property at 825 Penn St., in reading it over you will find that the term expires April 1st, 1921. You are hereby notified to that effect. If you expect to remain, and not to vacate, it will be necessary for you to have a new lease. Will call on you shortly and talk this matter over. Yours truly, H. F. Hertzog." In October, 1921, plaintiff caused an amicable confession of judgment in ejectment to be entered on the lease and a writ of habere facias possessionem to issue. Thereupon defendant petitioned the court to open the judgment and let him into a defense, on the ground that the lease had been extended until April 1, 1925, by a pencil memorandum on a piece of yellow paper (referred to as "the yellow slip"), as follows: "October 17-1919. Dr. J. A. Leon: Agreement in lease is hereby understood is not to terminate before the additional four years expire, April 1st-1925. Nineteen twenty-five.            · [Signed] H. F. Hertzog."

Plaintiff filed an answer averring in substance that he flatly refused to grant defendant an extension of the lease, but at the latter's solicitation gave him the yellow slip that he might show it to real estate agents who came and annoyed him in efforts to rent or sell him other property, with the positive understanding that the same was not an extension of the original lease. By agreement of counsel the judgment was opened and an issue framed wherein the lease stood as plaintiff's declaration and defendant pleaded "not guilty." The trial resulted in a verdict and judgment for plaintiff, from which defendant has appealed.

The record discloses no reversible error. The only question at the trial was as to the extension of the lease beyond April 1, 1921. Defendant offered oral evidence of a verbal agreement extending the lease to April 1, 1925, in confirmation of which, he contended, the yellow slip was given; while plaintiff and his secretary positively denied any verbal agreement for an extension and both

testified to a distinct agreement that the yellow slip was not to operate as such, but was given and accepted for the sole and express purpose of protecting defendant from the importunities of real estate agents; and that plaintiff refused to grant an extension. The trial judge submitted the question of extension to the jury and defendant was not entitled to more, for certainly the yellow slip, without the aid of other evidence could not be construed as an extension of the lease. Defendant did not contend at the trial that parol evidence to overcome the yellow slip must be clear, precise and indubitable, nor request the judge to so instruct the jury; hence, he cannot raise that question here (Saxman v. McCormick, 278 Pa. 268; Sullivan v. Balt. & Ohio R. R. Co., 272 Pa. 429; G. B. Hurt v. Fuller Canneries Co., 263 Pa. 238; Knecht v. Knecht, 261 Pa. 410), nor can he complain of a failure to instruct the jury on a question to which he neglected to call the trial judge's attention: Wertz v. May, 21 Pa. 274; Brown v. Montgomery, 21 Pa. Superior Ct. 262. Moreover, it could not be affirmed that the evidence for plaintiff on that question was not sufficiently clear, precise and indubitable to take the case to the jury. See Pusic v. Salak, 261 Pa. 512, and cases there cited. Defendant was not entitled to binding instructions, for the question of the extension of the lease, depending upon oral and written evidence, was one for the jury to pass upon (Home B. & L. Assn. v. Kilpatrick, 140 Pa. 405), and, it having decided that no extension was in fact made, we need not stop to consider the sufficiency of the written evidence to support a four-year extension of the lease under the statute of frauds, nor to place a construction upon the yellow slip, taken at its face value.

We say written evidence, because a letter of later date tends to connect the yellow slip with the lease. There was no question raised at the trial as to the competency of the parol evidence offered on either side, nor request that it be stricken out, and, if the yellow slip was obtained

ostensibly for the sole purpose of exhibition to real estate agents, then its attempted use as a valid instrument was a fraud upon plaintiff and opened the door for proof of the real facts by parol evidence: Gas and Oil Co. v. Glass Co., 213 Pa. 183; Honesdale Glass Co. v. Storms, 125 Pa. 268; Phillips v. Meily, 106 Pa. 536; El Dorado Jewelry Co. v. Hopkins, 34 Pa. Superior Ct. 446; Miller v. Fry, 57 Pa. Superior Ct. 473; see also Potter v. Grimm, 248 Pa. 440; American Harrow Co. v. Swoope, 16 Pa. Superior Ct. 451.

We agree with the lower court that the notice of the termination of the lease was sufficient. True, while such notice need be in no set form of words, it must be in plain direct language and without ambiguity: Fotterall v. Armour, 218 Pa. 73. However, "such a notice is good if upon the whole it is intelligible and so certain that the tenant cannot reasonably misunderstand it": 24 Cyc. 1333. It is difficult to see how the notice in the instant case could have been more specific. It describes the premises, gives the exact date when the term expires and in effect tells the lessee he must vacate or have a new lease; it was signed by the lessor, directed to and served upon the lessee in ample time. Its effect was not destroyed by the suggestion of a new lease mentioned therein. See 24 Cyc. 1333, note, also opinion of the late Judge SWARTZ, in Biddle v. Cohen, 30 Dist. R. 160. The notice definitely determined the rights of the tenant under the old lease at its expiration. In view of the sufficiency of the notice, it is unnecessary to decide whether appellant could raise that question at the trial, having failed to do so in his petition to open the judgment.

The assignments of error are overruled and the judgment is affirmed.