JOHN R. CHOOLGIAN *vs.* OSCAR A. NORDSTROM ET AL.

First Judicial District, Hartford, May Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued May 7th—decided June 2d, 1930.

*William H. Fogerty,* for the appellant (plaintiff).

*Richard H. Deming*, for the appellee (defendant).

HINMAN, J. The complaint alleged that the defendants sold an automobile to the plaintiff, by conditional bill of sale in which the defendants warranted title and their right to sell, but that it subsequently developed that the automobile had been stolen and the plaintiff lost possession, the lawful owner retaking it. The defendants filed a special defense alleging that the automobile was sold to the plaintiff by Eugene G. Reising, through his agent Brown, who was in no way connected with the defendants. The plaintiff did not have sufficient cash to make the purchase and induced the defendants, who were in the automobile business, to assist him in financing the transaction. Solely as a gratuitous accommodation for the plaintiff in so assisting him, the defendants executed an agreement purporting to be a conditional bill of sale of the automobile from them to the plaintiff, by assignment of which to a finance company money was procured and immediately paid over to Reising as a part of the cash consideration of the purchase by the plaintiff from him. To this defense the plaintiff demurred on the ground that the allegations thereof constituted an attempt to vary, by parol, the terms of a written contract. The demurrer was overruled.

The only reason of appeal meriting discussion is that which relates to the decision upon this demurrer. As to this, the decisive question is whether the special defense and the admission of evidence in support of its allegations violate the parol evidence rule, or whether, on the other hand, the purpose and effect is to show, not a modification or alteration of the terms of the conditional bill of sale, but that, as between these parties, the obligation sued upon never became

operative. In cases of the latter class the parol evidence rule has no application. *Cohn* v. *Dunn,* 111 Conn. 342, 149 Atl. 851; *Trumbull* v. *O'Hara,* 71 Conn. 172, 177, 41 Atl. 546; *Burns & Smith Lumber Co.* v. *Doyle,* 71 Conn. 742, 745, 48 Atl. 483; *Wilson* v. *Powers,* 131 Mass. 539, 540; *Pym* v. *Campbell,* 6 El. & Bl. 370, 374. "Parol evidence . . . may be admitted to show that . . . a deed was given under certain circumstances and in pursuance of a parol agreement as to the use to be made of it. This does not vary the contract expressed in the deed. It simply shows it to have been made as a step in execution of and conformity with a prior undertaking." *Fisk's Appeal,* 81 Conn. 433, 436, 437, 71 Atl. 559; *Collins* v. *Tillou,* 26 Conn. 368, 375; 5 Wigmore on Evidence (2d Ed.), § 2437.

The rule that parol evidence is not admissible to contradict or vary a written instrument has for its object the prevention of fraud and perjury in those cases where parties have put their contract in writing, by excluding evidence of the terms of the contract other than the writing itself. But that is not this case. The special defense alleges facts calculated to establish that the conditional bill of sale was given for a special purpose, as a gratuitous accommodation on the part of the defendants, in order that it might be used by the plaintiff in financing, in part, the purchase of an automobile in which the plaintiff knew the defendants had no actual title or interest, and so could not have relied upon or been misled by the formal warranty of such title contained in the written contract. To apply the parol evidence rule in such an instance, instead of preventing fraud might permit it. "It would be unfortunate indeed if such a salutary rule of law could be perverted so to apply to a case like this." *Schindler* v. *Muhlheiser,* 45 Conn. 153,

154; *McFarland* v. *Sikes*, 54 Conn. 250, 7 Atl. 408; *Storey* v. *Storey*, 214 Fed. 973, 975. The allegations of the answer were sufficient to satisfy the requirements of those exceptional cases where, as between the original parties, "any relation, antecedent agreement, or state of facts from which a controlling equity arises, may be pleaded and proved by parol in bar of an action on the warranty." *Dale* v. *Gear*, 38 Conn. 15, 18; *Case* v. *Spaulding*, 24 Conn. 578. The demurrer was properly overruled; the rulings on evidence offered in support of the allegations of the answer are not presented by the appeal, but it follows, for the same reasons, that such evidence as was relevant thereto was admissible.

The subordinate facts found are ample to support the conclusions, to which the remaining assignments relate.

There is no error.

In this opinion the other judges concurred.