## Golden et al. v. Willoughby et ux.

*Getz, Perkins & Twining,* for plaintiffs.
*Thomas E. Weaver,* for defendants.

HENNINGER, P. J., November 15, 1948.—In this action in ejectment, plaintiffs filed a complaint alleging that they were the owners of certain premises in Catasauqua, Pa., that defendants occupy an apartment therein by oral month-to-month lease, that defendants were required to vacate on May 31, 1948, pursuant to notice served by registered mail on April 19, 1948, that defendants refuse to vacate and that the rental is not governed by the Federal Housing Act.

Defendants filed preliminary objections alleging: (1) Insufficient notice to quit; (2) improper service of quit notice; (3) no allegation that tenancy terminated; (4) no allegations removing tenancy from Federal Housing Act, and (5) no allegation of ground for eviction.

A quit notice need not be in any particular form (Wilgus v. Whitehead, 89 Pa. 131, 134; Hertzog v. Leon, 280 Pa. 560, 565), but it must be unequivocal: Fotterall v. Armour, 218 Pa. 73, 78. Plaintiffs needlessly complicated their notice by discussing their differences with defendants, but at the end of the letter, they state, "In view of the strained relations which now exist between yourselves and your landlord by reason of your uncompromising and unfair attitude with respect to the property, they have requested me to notify you to vacate the premises on or before the Thirty-first day of May, 1948."

The notice in this case differs from those which simply demand more rent or the fulfillment of other conditions if a tenant desires to stay. Defendants' right to the premises was contingent upon the con-

tinued mutual agreement of the parties. The letter clearly states that after May 31, 1948, plaintiffs were not agreeable to defendants' further tenancy and communication of that disagreement terminated the relationship and ended the right of defendants to further possession of the property.

Was the notice of termination properly communicated? Service by registered mail is only legal service when an act of assembly makes it so. It is to be noted, however, that plaintiffs are not invoking the Act of March 31, 1905, P. L. 87, sec. 2, 68 PS §366 for summary procedure before a justice of the peace and, therefore, the question is not whether plaintiffs have served a notice upon the tenant, but whether they have terminated the lease. A notice intended to terminate a tenancy so that an action in ejectment will lie, need not in its nature or service comply with the conditions precedent to the invocation of the summary procedures for possession prescribed by statute: Logan v. Herron, 8 S. & R. 459, 463; Rich v. Keyser, 54 Pa. 86, 89; Gault v. Neal, 6 Phila. 51; Veditz v. Levy, 18 Phila. 328.

Plaintiffs do not in so many words say that the tenancy was terminated, but they have said in paragraph 7 that a notice to vacate was given defendants and in paragraph 8 that they refuse to vacate. In our opinion that is equivalent to an allegation that the tenancy was terminated.

Preliminary objections nos. 4 and 5 relate to the Federal Housing Act. Plaintiffs have stated that the tenancy is not subject to Federal housing rules. Whether or not upon trial the burden rests upon the landlord of proving compliance with or freedom from Federal regulations, we feel that their allegation in the complaint is sufficient until denied.