## JESSIE M. HAMILTON (FORMERLY PEFFER) v. C. S. BOYCE AND ANOTHER.[1]

June 8, 1951.

No. 35,350.

*G. Halvorson,* for appellant.

*Thomas O. Dougherty* and *John Ott,* for respondents.

[1]Reported in 48 N. W. (2d) 172.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from an order of the district court denying plaintiff's motion for a new trial after the court found for defendants.

Plaintiff brought suit against her sister and the latter's husband. She alleged that she engaged in the operation of a rest home with defendants; that defendants refused to account to her as to the profits of the partnership; and that they denied her any participation in the partnership business. Plaintiff asked that the alleged partnership be dissolved and a receiver appointed to gather the assets of the partnership and divide the proceeds among the partners after the payment of just debts and costs. Defendants denied the existence of the partnership and maintained that plaintiff was engaged in the rest home as their employe. The trial court found that no partnership existed and ordered judgment for defendants.

The real issue in this case is whether the parties were partners as between themselves and not whether they were partners as to third persons. To establish a partnership, the evidence must show that the parties have entered into a contractual relation by which they have combined their property, labor, and skill in an enterprise or business as principals for the purpose of joint profit. McDonald v. Campbell, 96 Minn. 87, 104 N. W. 760. On all the proof, the question of partnership or no partnership is one of fact. Meagher v. Fogarty, 129 Minn. 417, 152 N. W. 833.

Originally, plaintiff had claimed that the parties had entered into an oral partnership agreement in 1943. That contention was abandoned by counsel on oral argument. Plaintiff now insists that the written instrument signed by the parties in 1945 conclusively establishes the nature of the relationship between the parties and that the decision of the trial court that no partnership existed is not sustained by the evidence. The validity of plaintiff's contention depends on whether or not the parol evidence rule precludes consideration of defendants' evidence. If all the evidence may be considered, it is sufficient to support the finding of the trial court.

It is apparent that the written instrument, by its terms, is a partnership agreement. However, the evidence of defendants tended to prove that the instrument was drawn up and signed by the parties not for the purpose of creating a partnership among themselves, but merely for the purpose of giving plaintiff legal authority to operate the rest home while defendants were away on a proposed extended trip. The lawyer who drew the instrument was deceased at the time of trial, but it appears from the record that he had made some suggestion to defendants that some tax benefit was to be gained by the agreement. Defendants' evidence tended to prove that the parties did not engage in negotiations of the type which usually would precede the establishment of a partnership, and that plaintiff understood that the only purpose of the instrument was to give her authority while defendants were away.

In determining whether parol evidence is admissible, a distinction is drawn between evidence tending to show that no contract has ever been made and evidence to contradict, vary, or add to the terms of a written contract. See, Security Nat. Bank v. Pulver, 131 Minn. 454, 456, 155 N. W. 641, 642; Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139; National Finance Co. v. Mitchell, 157 Minn. 47, 195 N. W. 542. Thus, parol evidence is admissible to show that a contract was not intended to be operative until the happening of some future contingency. Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255; Minar Rodelius Co. v. Lysen, 202 Minn. 149, 277 N. W. 523.

The evidence presented by defendants tended to prove that the parties never entered into a binding contract. No contract is formed by the signing of an instrument when the offeree is aware that the offerer does not intend to be bound by the wording in the instrument. Tyra v. Cheney, 129 Minn. 428, 152 N. W. 835. The same rule is stated in Restatement, Contracts, § 71 (c):

"If either party knows that the other does not intend what his words or other acts express, this knowledge prevents such words or other acts from being operative as an offer or an acceptance."

This principle is one of the limited number of exceptions to the rule that the formation of a contract is established by the objective manifestations of the parties. 1 Corbin, Contracts, § 34; 1 Williston, Contracts (Rev. ed.) § 21, p. 35. It thus appears that the evidence offered by defendants falls within the scope of the rule holding parol evidence admissible.

In Graham v. Savage, 110 Minn. 510, 126 N. W. 394, 136 A. S. R. 527, 19 Ann. Cas. 1022, the court recognized the distinction between parol evidence to negative the existence of a contract and parol evidence to vary its terms, but held that evidence of a contemporaneous oral agreement not to enforce an obligation expressed in a written agreement was not admissible. In that case, plaintiff sued on an alleged oral contract for compensation for services. Defendant produced a written contract providing for compensation at a lower rate than in the alleged oral agreement. The evidence indicated that the written contract which plaintiff had signed was a sham, so that defendant could mislead his other salesmen as to the amount of plaintiff's compensation. The jury returned a verdict for plaintiff, and this court reversed. The court relied strongly on the fact that the avowed purpose of the agreement (110 Minn. 515, 126 N. W. 396) "was to deceive and potentially to defraud."

In Summit Merc. Co. v. Daigle, 146 Minn. 218, 178 N. W. 588, the Graham case was questioned. Plaintiff there sued on a chattel mortgage, and defendant claimed that the mortgage was without consideration and was executed and delivered to plaintiff to protect the property from attack by other creditors. This court affirmed the trial court's order granting plaintiff judgment notwithstanding the verdict and said that defendant had failed to sustain his contention by (146 Minn. 220, 178 N. W. 588) "clear, strong and convincing evidence." The court expressly refused to follow the rule in the Graham case and stated that the correctness of the rule (146 Minn. 220, 178 N. W. 589) "as one of general application may be doubted."

3 Corbin, Contracts, § 577, p. 237, states:

"There are a good many cases in which a writing exists that has the appearance of being a complete integration of the terms of an agreement, but testimony is offered to prove that it was never assented to as such and that it was executed in order to be shown to third persons so as to produce the illusion of a contract. There are cases holding this testimony inadmissible as between the two parties to the writing. [Citing, among others, Graham v. Savage, 110 Minn. 510, 126 N. W. 394, *supra.*] These cases should be disapproved, for the reason that if the testimony is true there was no written integration of an actual agreement. * * * Cases holding that the offered testimony is admissible are numerous; they should be followed."

The author then cites many federal and state cases, including Kind v. Clark (2 Cir.) 161 F. (2d) 36; P. A. Smith Co. v. Muller, 201 Cal. 219, 256 P. 411; Choolgian v. Nordstrom, 111 Conn. 572, 150 A. 499; Duplex Envelope Co. v. Baltimore Post Co. 163 Md. 596, 163 A. 688; Beaman-Marvell Co. v. Gunn, 306 Mass. 419, 28 N. E. (2d) 443; Woodard v. Walker, 192 Mich. 188, 158 N. W. 846; Coffman v. Malone, 98 Neb. 819, 154 N. W. 726, L. R. A. 1917B, 258; Bernstein v. Kritzer, 253 N. Y. 410, 171 N. E. 690; Hertzog v. Leon, 280 Pa. 560, 124 A. 683; Bernard v. Fidelity Union Gas Co. (Tex. Civ. App.) 296 S. W. 693; Northeastern Nash Auto. Co. v. Bartlett, 100 Vt. 246, 136 A. 697; Whitcher v. Waddell, 42 Wyo. 274, 202 P. 1091.

The court in the Graham case emphasized that the parties had signed the instrument in order to deceive third persons. To allow the case to turn on this point would appear to be an application of the "clean hands" doctrine. Skirvin v. Sigler, 183 Okl. 523, 83 P. (2d) 530. The application of the doctrine in this type of case has been criticized on the ground that the defense against the written instrument is based on legal rather than equitable grounds. 23 Minn. L. Rev. 382. It is not necessary to decide in this case whether such fraudulent purpose would change the result. Defendants had a legitimate motive in their desire to give plaintiff authority to conduct the business. It appears that nothing ever came

of the desire to acquire a tax advantage, and the evidence presented that defendants seriously contemplated such a scheme would not justify punishing defendants by permitting plaintiff to enforce the terms of this instrument.

The evidence presented by plaintiff and defendants is contradictory on almost every issue of fact. For example, plaintiff testified that the money she drew from defendants was a drawing account on her share of the partnership profits, while defendants maintain that plaintiff was paid a salary. Plaintiff testified also that she contributed $265 toward the purchase of a $6,000 house to be used in the business, while defendants claim that she contributed nothing for any purpose. Plaintiff claimed that she was generally consulted on important business matters pertaining to the operation of the rest home; defendants testified that she was not. Plaintiff admitted that she knew that the profits from the rest home were being reported as the individual income of defendant Ruth H. Boyce. She admitted further that she never made any strong assertion of her claimed partnership rights until shortly before the suit was commenced. Defendant C. S. Boyce testified that social security returns were made to the government in connection with salary paid to plaintiff and that federal withholding tax returns were made by defendants on moneys paid to plaintiff. Plaintiff denied that she knew that this was being done.

■ This court cannot judge the credibility of the witnesses. Viewing the evidence as a whole and in the light most favorable to the prevailing parties, as we are compelled to do, it is our opinion that it supports the finding of the trial court that no partnership existed between the parties.

Affirmed.